IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

William Ashby, #267473,                     )          C/A No. 8:14-3330-JMC-JDA
                                            )
                        Plaintiff,          )
                                            )
vs.                                         )          REPORT AND RECOMMENDATION
                                            )
Warden Eagleton; Security Staff Evans CI,   )              *for partial disposition*
                                            )
                        Defendants.         )
_____)

William Ashby ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42

U.S.C. § 1983.  Plaintiff is currently incarcerated at the Evans Correctional Institution

("Evans"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  Defendant

Security Staff Evans CI should be summarily dismissed from this action without prejudice

and without issuance and service of process.

## Background

Plaintiff alleges a violation of his constitutional rights against Warden Eagleton and

Security Staff Evans CI.  [Doc. 1.] He apparently seeks to sue the entire security staff at

Evans.  [Doc. 1 at 2.]  After being directed to submit proposed service documents for all

Defendants [doc. 8] and submitting the documents for Warden Eagleton, Plaintiff did not

submit proposed service documents for any particular person on the Evans security staff.

## Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule

73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and

submit findings and recommendations to the District Court.  Plaintiff filed this action

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the

District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which

2

set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendant Security Staff Evans CI should be dismissed because Plaintiff fails to state a cognizable § 1983 claim against it.  It is apparent from the Complaint and proposed service documents that Plaintiff seeks to sue the entire security staff at Evans as a group, but groups of people are not amenable to suit under § 1983.  Use of the term "staff" as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *see also Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical

3

department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons).  Thus, because Plaintiff fails to state a claim upon which relief may be granted against it, the Security Staff Evans CI should be dismissed.

## Recommendation

It is recommended that the District Court dismiss Defendant Security Staff Evans CI from this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  This action remains pending, and, at this time, service of process is authorized for Defendant Warden Eagleton.  **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

September 30, 2014
Greenville, South Carolina

4

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).