IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Ashby, #267473, ) | C/A No. 8:14-3330-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | *to deny motions for ex parte TRO* |
| Warden Eagleton; Security Staff Evans CI, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

William Ashby ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Evans Correctional Institution ("Evans"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff has filed two motions seeking in part a temporary restraining order ("TRO"). [Doc. 12, 21.] To the extent that Plaintiff requests this Court to enter an *ex parte* restraining order without notice to the adverse party, this Court should deny such a request.

## **BACKGROUND**

Plaintiff alleges a violation of his constitutional rights against Warden Eagleton and Security Staff Evans CI. [Doc. 1.] In a Report and Recommendation filed on September 30, 2014, the undersigned has recommended that Defendant Security Staff Evans CI be dismissed without prejudice and without issuance and service of process. [Doc. 17.] On the same date, the undersigned authorized service of process for Warden Eagleton ("Eagleton"), and the Clerk of Court issued the summons and sent the paperwork to the U.S. Marshal to accomplish service of process. [Doc. 16, 19.]

On September 26, 2014, Plaintiff filed a motion wherein he asked for a TRO that the Defendants be ordered to keep him in lock-up and prohibited from placing him back in the

yard. [Doc. 12.] He alleges that, per a note from a gang, if he is placed in the yard gang members will attack him, and he fears for his life. [*Id*.] He further alleges that these gang members have stabbed him previously. [*Id*.] This Court ordered that said motion be served along with the Complaint upon Eagleton, and it ordered that Eagleton file a response to the motion within ten days from the date service of process is accomplished. [Doc. 16.] On October 9, 2014, Plaintiff filed a second motion for TRO wherein he alleges almost identical contentions as set forth in the first motion for TRO. [Doc. 21.] As of the date this report is filed, it does not appear that the U.S. Marshal has accomplished service of process upon Eagleton.

## **DISCUSSION**

Plaintiff's two pending motions for TRO may be construed as requesting an *ex parte* TRO in this matter in that he appears to seek a TRO immediately and without notice to Defendants. A TRO should be restricted to serving the underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Plaintiff has not fully complied with the notice requirements of Rule 65(b) of the Federal Rules of Civil Procedure requiring that the movant certify in writing any efforts to contact the defendants about the requested relief.  See Fed. R. Civ. P 65(b).  "In view of the possibly drastic consequences of a temporary restraining order, the opposition should be heard, if feasible, before the order is granted."  *Id.* advisory committee note.  Moreover, Plaintiff has offered no reason why notice to all parties should not be required.  See Fed. R. Civ. P. 65(b)(1)(B).  Accordingly, Plaintiff has failed to meet the Rule 65(b) standard for the issuance of a TRO without notice.  Thus, to the extent Plaintiff's motions seeks an *ex parte* restraining order, they should be denied.

## **RECOMMENDATION**

It is recommended that, to the extent Plaintiff's motions for TRO [Doc. 12, 21] seek an *ex parte* order, Plaintiff's motions should be denied, and the motions for preliminary injunction should remain pending.  **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin<br>
United States Magistrate Judge

October 14, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).